IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| AMERICAN LAND INVESTMENTS, LTD. | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 3:16-cv-00489 |
| v. | ) ) ) | |
| ALLSTATE INSURANCE COMPANY, *et al.* | ) ) ) | Judge Thomas M. Rose |
| Defendants. | ) | |

**DECISION AND ENTRY DENYING PLAINTIFF AMERICAN LAND INVESTMENTS' MOTION TO REMAND (DOC. 8) AND RETAINING JURISDICTION OF THIS CASE.**

The parties in this case are Plaintiff American Land Investments, Ltd. ("Plaintiff ALI") and Defendants Allstate Insurance Company ("Defendant Allstate") and Minster Bank ("Minster"). Plaintiff ALI filed suit against Defendant Allstate in the State of Ohio, Shelby County, alleging breach of contract and lack of good faith under Ohio common law of contracts. In addition, Plaintiff ALI filed a motion seeking declaratory judgement against Defendant Allstate and Minster pursuant to OHIO REV. CODE § 2721.03 (1999) and OHIO REV. CODE § 2721.04 (1999). Defendant Allstate removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 (2011), on the basis that diversity of citizenship exists between the parties.

Pending now before the Court is Plaintiff ALI's motion to remand to state court. (Doc. 8) The issue presented is whether Minster's interest in the lawsuit destroys complete diversity of citizenship between the parties. For the reasons herein, this Court **DENIES** Plaintiff ALI's motion to remand and retains jurisdiction of the case.

I.  **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff ALI is a citizen of Ohio and is involved in the business of residential real estate. (Doc. 1-2, at PageID# 8.) Four of the commercial property units owned by Plaintiff ALI are located at 221, 223, 225, and 227 South Walnut Ave, Sidney, Ohio 45365 ("the Property"). (*Id.*) Defendant Allstate, whose principal place of business is in Illinois, insured the Property under policy number 648501944, policy period 03/27/2015 to 03/27/2016 ("the Policy"). (*Id.*) Allstate Insurance Company is a wholly owned subsidiary of Allstate Insurance Holdings LLC, a limited liability company under the laws of Delaware, which is in turn a wholly owned subsidiary of The Allstate Corporation, a Delaware corporation. (Doc. 1, at PageID# 1.)

Minster is an Ohio citizen and is named as a "mortgagee" on the Policy. (Doc. 1-2, at PageID# 8.) The Policy's mortgagee provision provides that "[l]oss shall be payable to any mortgagee named in the Declarations page, to the extent of their interests and in the order of precedence." (*Id.*) The mortgagee provision applies "even if Allstate denies the named insured's claim." (*Id.*) The coverage of each mortgagee under the Policy is subject to the terms, conditions, exclusions and/or limitations contained therein. (*Id.*)

On October 25, 2015, while the Policy was in force, residential units 223, 225 and 227 of the Property were vandalized. (Doc. 1-2, at PageID# 8.) Plaintiff ALI reported the loss to Defendant Allstate, and after investigating the matter, Defendant Allstate paid half of the claim to Plaintiff ALI. (*Id.*) The Property was again vandalized on or about November 19, 2015, prompting Plaintiff ALI to report another insurance claim. (*Id.*) Defendant Allstate began a second investigation into the matter and has yet to issue a claims decision. (*Id.*). There have been no communications between Minster and Defendant Allstate in regards to either claim. (Doc. 14,

at PageID# 277.) The Policy provides that "any suit of claim for loss must be brought within one year after the loss or damage occurs." (Doc. 1-2, at PageID# 8.)

On October 20, 2016, Plaintiff ALI filed three causes of action—the first two against Defendant Allstate and the third against Defendant Allstate and Minster—in the State of Ohio, Shelby County. (*Id.*) The first cause of action alleged that Defendant Allstate breached the insurance contract by failing to pay the amount due under the Policy for both claims; the second cause of action alleged that Defendant Allstate lacked good faith in its handling of both claims; and the third cause of action sought declaratory judgment as to how Defendant Allstate should disburse payments for loss to Plaintiff ALI and Minster. (*Id.*)

On November 21, 2016, Defendant Allstate removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1, at PageID# 1.) Defendant Allstate asserted that the underlying claim was a civil action between citizens of different states involving an amount in controversy exceeding $325,000, exclusive of interest and costs. (*Id.*) Plaintiff ALI thereafter filed a motion to remand, arguing that because Minster was joined as a necessary defendant in this case, complete diversity does not exist between the two sides in the lawsuit. (Doc. 8, at PageID# 44) In response, Defendant Allstate argues that the Court may properly ignore the Ohio citizenship of Minster because Minster is a nominal party who was fraudulently joined in this case only to destroy diversity jurisdiction. (Doc. 14, at PageID# 277.)

II. **STANDARD OF REVIEW – MOTION TO REMAND**

A civil case in state court may be removed by a defendant to federal court if the case could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the

3

amount in controversy exceeds $ 75,000, exclusive of costs and interest. 28 U.S.C. 1332(a). A defendant removing a case has the burden of proving the diversity jurisdiction requirements and that removal is proper. *See, e.g.*, *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). Any doubt as to whether the removal is proper should be resolved in favor of remand to state court. *See Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977).

### III. ANALYSIS

#### A. Nominal Party

Plaintiff ALI claims that Minster is a required party under OHIO REV. CODE 2721.12(A) because "without Minster in the case, there can be no settlement nor can this Court issue a final adjudication." (Doc. 11, at PageID# 62.) Defendant Allstate argues that Minster is not a necessary party, but instead a nominal party because "Minster's interest in the suit is wholly independent of, and not dependent on, Plaintiff ALI's claimed rights that are the actual subject matter of the action." (Doc. 9, at PageID# 46.)

When determining whether diversity jurisdiction exists, federal courts must disregard nominal parties and decide jurisdiction only on citizenship of the real parties in interest. *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994). A real party in interest is one who is entitled to enforce the right asserted under the governing substantive law. *Id*. at 42-43. By contrast, a formal or nominal party is one who has no interest in the result of the suit and need not have been made a party thereto. *Grant Cty. Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952).

Here, the substantive legal issue before the Court concerns the insurer, Defendant Allstate, and the insured, Plaintiff ALI, as it relates to their rights and obligations under the Policy. Although Minster, as mortgagee, is entitled to payments for "loss" under the Policy's mortgagee provision, courts have regarded such a provision to be a "separate and distinct contract." *See Old Second Nat'l Bank v. Ind. Ins. Co.*, 29 N.E.3d 1168, 1175 (Ill. App. Ct. 2015).

In *Certain Underwriters of Lloyds v. US Indus. Servs., LLC*, 825 F. Supp. 2d 882, 887 (E.D. Mich. 2011), the Court declared that there are "two types of loss-payable-clauses in insurance policies that protect [mortgagees]." The first type, known as an "ordinary loss payable clause," directs the insurer to "pay the proceeds of the policy to the [mortgagee], as its interest may appear, before the insured receives payment on the policy." *Id.* An "ordinary loss payable clause" does not create a contract between the mortgagee and the insurer, and a breach of the insurance conditions by the insured would prevent recovery by the mortgagee. *Id.*

The second type of loss payable clause, known as a "standard mortgage clause," provides greater protection to mortgagees than to the insured. *Id*. Specifically, a mortgagee can typically collect insurance proceeds even where the insured cannot. *See Old Second Nat'l Bank*, 29 N.E.3d at 1175 (holding that a loss payable clause was a standard mortgage clause because it stated "if we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the [mortgagee] will still have the right to receive loss payment"). As such, a mortgagee's contract with the insurer is separate and distinct from the contract between said insurer and the insured. *Citizens State Bank v. State Mut. Rodded Fire Ins. Co.*, 267 N.W. 785, 787 (Mich. 1936). The mortgagee is not a party to the resulting relationship between the insured and the insurer, and possesses neither the rights nor the responsibilities that are attendant to that relationship. *Wells Fargo Bank, N.A. v. Null*, 847 N.W.2d 657, 673 (Mich. Ct. App. 2014).

5

The mortgagee provision covering Minster's rights in the Policy is a standard mortgage clause. It provides greater protection to Minster than to Plaintiff ALI, given its stipulation that "[l]oss shall be payable to any mortgagee named in the Declarations page . . . *even if Allstate denies the named insured's claim* (emphasis added)." (Doc. 14, at PageID# 277) Thus, like the mortgagee provision in *Old Second Nat'l Bank*, the mortgagee provision here is a standard mortgage clause that forms a separate and distinct contract from that between the insured, Plaintiff ALI, and the insurer, Defendant Allstate. Plaintiff ALI does not dispute that the Policy's mortgagee provision is a standard mortgage clause. Rather, Plaintiff ALI argues that the Ohio Declaratory Judgment Act requires Minster to be joined due to its interest as mortgagee under the Policy's mortgagee provision. (Doc. 11, at PageID# 62.) Although Plaintiff ALI is correct in that Minster has an interest under the Policy's mortgagee provision and that OHIO REV. CODE § 2721.12(A) requires Minster to "join all parties that claim any interest in the proceeding," Minster's interest, as it stands under the standard mortgage clause, is distinct from *this* insurance coverage proceeding between Plaintiff ALI and Defendant Allstate. Because Minster is a mortgagee with no rights or responsibilities that are attendant to the relationship between Plaintiff ALI and Defendant Allstate, Minster is not a "real party in interest" to the insurance coverage issue before the Court.

In sum, Minster is not a necessary party to the suit because Minster's interest in the Policy is limited to the Policy's mortgagee provision. As a standard mortgage clause, the mortgagee provision confers Minster with contractual rights that are separate and distinct from those possessed by Plaintiff ALI and Defendant Allstate in their insurance coverage contract. As such, Minster is not entitled to enforce any of the rights asserted between Plaintiff ALI and Defendant Allstate under this case's governing substantive law on insurance coverage. Without

such rights and responsibilities, Minster cannot be regarded as a necessary party in the case at bar.

**Fraudulent Joinder**

Plaintiff ALI claims that Minster was appropriately joined as a defendant in the suit because it has a colorable cause of action against Minster pursuant to OHIO REV. CODE 2721.12(A). (Doc. 11, at PageID# 62.) Defendant Allstate argues that Minster was fraudulently joined because Plaintiff ALI "does not assert, and has no actual, direct cause of action upon which liability to Plaintiff might be imposed against Minster Bank under Ohio law, based upon the factual allegations of Plaintiff's complaint." (Doc. 9, at PageID# 46).

Generally, a claim of fraudulent joinder involves an assertion that a plaintiff joined a non-diverse defendant solely, and without a legal basis, for the purpose of defeating the other defendants' right to remove the case on basis of diversity. *See Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Fraudulent joinder of non-diverse defendants will not defeat removal made on diversity grounds. *Id*. To prove fraudulent joinder, the removing party must present sufficient evidence that the plaintiff could not have established a "colorable" cause of action against the non-diverse defendants under state law. *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). A claim is "colorable" if the state law might impose liability on the resident defendants under the facts alleged. *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x. 485, 489 (6th Cir. 2013). However, if there is a colorable basis for predicting that the plaintiff may recover against the non-diverse defendant, the Court must remand the action to state court. *Id.* The Court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party." *Id.*

7

In the case at bar, the state law at issue is the Ohio Declaratory Judgment Act. Under OHIO REV. CODE § 2721.12(A), a necessary party in an action for declaratory relief is one that has a legally protectable interest in rights that are the subject matter of the action. *Morris v. Gulfport Energy Corp.*, No. 2:15-CV-1342, 2015 U.S. Dist. LEXIS 92620, at *7 (S.D. Ohio July 16, 2015). Citing this language, Plaintiff ALI argues that Minster was appropriately joined because Minster, as mortgagee, has "control over part of this litigation" since it can "foreclose, reduce, or accelerate [its] loan" to the mortgagor. (Doc. 11, at PageID# 62.) However, having "control over *part* of this litigation" is one thing. Having a "legally protectable interest in rights that are the *subject matter* of the action" is quite another. *Compare Feisley Farms Family, L.P. v. Hess Ohio Res., LLC*, Civ. A. 2:14-cv-00146, 2014 U.S. Dist. LEXIS 74730, at *8 (S.D. Ohio June 2, 2014) (holding that the interest rights of an assignor of property were *not* the subject matter of the action concerning the interest rights of the assignee, even though the assignor held partial control over the assignee's property as a warrantor), *with Morris*, No. 2:15-CV-1342, 2015 U.S. Dist. LEXIS, at *12-13 (S.D. Ohio July 16, 2015) (holding that the "shallow rights" of a third-party defendant to a parcel of leased land *were* the subject matter of the action concerning the "deep rights" of the other defendant, because the interest rights of both defendants "would be implicated by a declaration of the meaning of the lease"). Thus, Defendant Allstate is correct in claiming that "Minster Bank's independent interests are not the actual subject matter of Plaintiff's claimed right to coverage under the Allstate Policy." (Doc. 14, at PageID# 277.) Accordingly, Minster is not a necessary party in Plaintiff ALI's action for declaratory relief under OHIO REV. CODE § 2721.12(A).

B. **Realignment of Parties**

Even if Minster is required to join this case, Minster's interest is more aligned with that of Plaintiff ALI because they both seek maximum insurance coverage from Defendant Allstate. Thus, if Minster is to be joined, Minster should be placed alongside Plaintiff ALI as a party plaintiff, thereby preserving complete diversity.

The Supreme Court has held that the plaintiff's alignment of the parties is not binding on courts in determining whether diversity exists. *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941); *See also Reed v. Robilio*, 376 F.2d 392, 394 (6th Cir. 1967). Courts have an affirmative duty to look beyond the pleadings and arrange the parties according to their sides in the dispute. *Indianapolis*, 314 U.S. at 69. The proper alignment of the parties for purposes of diversity should be ascertained from the primary and controlling matter in dispute. *Id*. at 69-70; *See also United States Fidelity & Guaranty Co. v. Thomas Solvent Co.*, No. 4:85-cv-415, 1990 U.S. Dist. LEXIS 14475, at *14 (W.D. Mich. Oct. 30, 1990). Unless antagonism dictates otherwise, the parties should be aligned according to their real interests in the matter in controversy. *Reed*, 376 F.2d at 394.

The Sixth Circuit addressed the issue of party realignment in *McCampbell*, where a partnership made up of partners residing in Alabama, Illinois and Kentucky attempted to sue a Kentucky-based bank in federal court. *McCampbell*, 194 F.2d at 471-72. The partner who was a Kentucky citizen refused to join the other partners as party plaintiffs and was, therefore, made a party defendant. *Id*. at 470-71. However, the Court held that the Kentucky partner's real interest in the controversy—on account of his membership in the plaintiff partnership—was with the plaintiffs. *Id*. at 471-72. Consequently, the Court required him to "realign so as to make him a party plaintiff." *Id*.

Here, if Minster were a properly joined party, it should likewise be realigned as a plaintiff because its interest in the case is similar with that of Plaintiff ALI: they would both seek maximum insurance coverage from Defendant Allstate. Specifically, while Plaintiff ALI is looking for maximum compensation for the vandalized property, Minster's interest is to get maximum payment as mortgagee for any loss it suffered as a result of the mortgaged property getting vandalized. Because realigning Minster as a plaintiff is consistent with the primary matter between the parties and would not be antagonistic to any asserted interests or claims, if Minster were required to join, then it would be as a party plaintiff. Under such an alignment structure, diversity jurisdiction would exist in this case, thereby preserving this Court's subject matter jurisdiction.

C. **CONCLUSION**

Because Minster is a nominal party whose joinder as a defendant with Defendant Allstate was improper and unnecessary, this Court **DENIES** Plaintiff ALI's motion to remand (Doc. 8) and retains jurisdiction of the case.[1]

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, July 10, 2017.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges the valuable contribution of judicial extern Doori C. Song in drafting this opinion.